UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-1576(DSD/SRN)

United States of America,

Plaintiff,

v.

**ORDER**

Douglas A. Anderson,

Defendant.

Lonnie F. Bryan, Assistant U.S. Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, counsel for plaintiff.

Douglas A. Anderson, 30 Backskin Boulevard, Isanti, MN 55040, pro se.

This matter is before the court upon plaintiff's motion for summary judgment. For the following reasons, plaintiff's motion is granted.

## BACKGROUND

Defendant obtained a $3,500 student loan through Norwest Bank in September, 1987. The loan was guaranteed by the Higher Education Assistance Foundation ("HEAF") through North Star Guarantee, under the federal Guaranteed Student Loan ("GSL")

FILED 4 30 03
Richard D Sletten, CLERK
Judgment Ent'd. 4-30-03
Deputy Clerk's Initials ______

program. Defendant later withdrew from school and the loan became subject to repayment in April, 1988. Defendant did not repay the loan.

Norwest sought and obtained repayment of principal and accrued interest in the amount of $4,830.17 from HEAF. Because HEAF was unsuccessful in its efforts to collect the loan from defendant, it applied to the United States Department of Education ("DOE"), which had reinsured the loan. DOE paid HEAF's claim and attempted to collect the debt from defendant. DOE was also unsuccessful, so it referred the matter to the United States Attorney's office, which filed the instant suit on August 28, 2001.

The following month, defendant filed an answer to the complaint, asserting that he had rehabilitated the loan. However, documents submitted with defendant's answer indicate that he has rehabilitated other student loans, but not the loan that is the subject of the present suit.

In December of 2002, plaintiff served defendant with a request for admissions. Defendant did not respond to plaintiff's request for admissions. Further, defendant did not submit a memorandum in opposition to plaintiff's motion for summary judgment, nor did he appear at the hearing on the motion.

## DISCUSSION

### I. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252. On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324.

**II. Defendant's Failure to Respond to Plaintiff's Request for Admissions; Failure to Respond to Rule 56(c) Motion**

Plaintiff argues that, by failing to respond to the request for admissions, defendant has admitted the matters contained in the request. Rule 36 of the Federal Rules of Civil Procedure states:

> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed. R. Civ. P. 36. Strict application of the thirty day response requirement is within the court's discretion. See Manatt v. Union Pacific R.R. Co., 122 F.3d 514, 517 (8th Cir. 1997).

Among the requested admissions were the following: "You did not repay the note or student loan described in Exhibit A." "The loan described in Exhibit A was disburtsed [sic]." "The Department of Education has not cancelled the loan in Exhibit A." "The Bankruptcy Court has not cancelled the loan in Exhibit A." "You must repay the loan in Exhibit A according to the terms stated in Exhibit B." [Pl.'s Ex. C.] Plaintiff asserts that these facts have been admitted. Because defendant also failed to respond in any way to plaintiff's motion for summary judgment, the court sees no reason to extend the thirty day response period in Rule 36. Therefore, defendant is found to have admitted liability for the loan.

Defendant has also failed to reply to or otherwise dispute the allegations in plaintiff's motion for summary judgment. On a motion for summary judgment, plaintiff bears the burden of presenting admissible evidence of every element of its claim. See Anderson, 477 U.S. at 247 (holding that moving party must demonstrate that it prevails as a matter of law). Defendant can overcome the motion by presenting evidence of a genuine issue of factual dispute. See id. at 247-48. Here, plaintiff has presented admissible evidence of each element of its claim.[1] See United States v. Williams, 187 F.3d 645, 1999 WL 603846 at *1 (8th Cir. Aug. 11, 1999). Defendant denied liability in his Answer to the Complaint, but has not otherwise presented any evidence contradicting plaintiff's claim. Because defendant cannot rest upon mere denials in the pleadings and plaintiff has met its burden, the court finds that there are no material issues of fact in dispute and plaintiff prevails as a matter of law. See id.; Celotex, 477 U.S. at 324.

---

[1] Apparently in anticipation of a possible defense, plaintiff presented evidence of defendant's 1993 declaration of bankruptcy. Plaintiff correctly asserts that the student loan debt was not dischargeable in bankruptcy, because it had not been in repayment status for seven years when defendant declared bankruptcy. See 11 U.S.C. § 523(a)(8) (the statue has since been amended and no longer exempts student loans in repayment for more than seven years. See Pub. L. 105-244, § 971(a)(1998)). However, no such defense has been tendered.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for summary judgment [Doc. No. 11] is granted.

2. Judgment is entered in favor of plaintiff and against defendant in the amount of $4,830.71 in principal.

3. Prejudgment interest up to July 10, 2000, is entered in the amount of $3,220.82 and continues thereafter at the legal rate.

4. Post judgment interest and costs are awarded to plaintiff and against defendant in the amount of $190.

Dated: April 30, 2003

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
## District of Minnesota


700 Federal Building
316 North Robert Street
St. Paul, MN 55101

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

417 Federal Building
515 West First Street
Duluth, MN 55802


## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.